UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LANE TONE INT'L MATERIAL, INC., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:10-cv-922-JMS-TAB |
| | ) | |
| CERTAIN UNDERWRITERS OF LLOYD'S, | ) | |
| LONDON, | ) | |
|     *Defendant.* | ) | |

## ORDER

Defendant Certain Underwriters of Llyod's London ("Lloyd's") has removed this action from state court, asserting that this Court has diversity jurisdiction over the matter. [Dkt. 1.] Lloyd's asserts that it "is a British corporation with its principal place of business in London. Lloyd's is not and never has been a citizen of the State of Indiana." [Dkt. 1 at 3.] Plaintiff Lane Tone International Material, Inc. ("Lane Tone") is a California corporation with its principal place of business in California. [Dkts. 1 at 2; 1-1 at 2.]

While Lloyd's asserts its foreign citizenship as if it were a corporation, the Seventh Circuit Court of Appeals has previously analyzed the London insurance market, specifically the organization of underwriting syndicates such as Lloyd's, and held that "[u]nderwriting syndicates are not corporations." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). Instead, the Court held that an underwriting syndicate has "the personal-liability characteristic of a general partnership and the management structure of a limited partnership." *Id.* Accordingly, an underwriting syndicate must be treated like a partnership when determining its citizenship, and it is a citizen of every state of which any partner or member is a citizen. *Id.* at 316, 319.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th 2012), and a

federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). If this Court does not, in fact, have jurisdiction over the matter, any judgment would be invalid. *See Indiana Gas*, 141 F.3d at 319 (dismissing case for lack of jurisdiction after three years of litigation because diversity did not exist between plaintiff and defendant underwriting syndicate, despite the fact that the parties did not raise the issue to the district court or on appeal).

For these reasons, the Court **ORDERS** Lloyd's to file a jurisdictional statement by **June 1, 2012**, specifically setting forth the citizenship of its "names", consistent with the process described in *Indiana Gas*, or to explain why the level of identification required by the Seventh Circuit in that case does not apply here. Lane Tone will have **five days** from the filing of Lloyd's jurisdictional statement to respond, if it chooses to do so.

05/24/2012

                                      Hon. Jane Magnus-Stinson, Judge
                                      United States District Court
                                      Southern District of Indiana

**Distribution via ECF only:**

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Phillip T. Scaletta
HOOVER HULL LLP
pscaletta@hooverhull.com

Andrew P. Wirick

- 3 -

HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com

- 3 -