UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LANE TONE INT'L MATERIAL, INC., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:10-cv-922-JMS-TAB |
| | ) | |
| CERTAIN UNDERWRITERS OF LLOYD'S, | ) | |
| LONDON, | ) | |
|     *Defendant*. | ) | |

**ORDER**

On May 24, 2012, the Court issued an order requiring Lloyd's to file a jurisdictional statement by June 1, 2012. The Court observed that although Lloyd's had removed this action to this Court on the basis of apparent diversity jurisdiction, [dkt. 1], Lloyd's had improperly pled its citizenship as a London insurance syndicate in direct contravention of Seventh Circuit Court of Appeals precedent in *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). [Dkt. 47.] Therefore, the Court ordered Lloyd's to file a jurisdictional statement "specifically setting forth the citizenship of its 'names', consistent with the process described in *Indiana Gas*, or to explain why the level of identification required by the Seventh Circuit in that case does not apply here." [Dkt. 47 at 2.]

In response, Lloyd's has filed a materially deficient jurisdictional statement. First, without distinguishing *Indiana Gas*, Lloyd's refuses to set forth the particular members at issue or their citizenships, instead, generically asserting that "no member (or name) associated with the syndicates underwriting the risk at issue in this matter is a citizen of Indiana." [Dkt. 51.] Not only does Lloyd's generic assertion disregard the Court's order, it directly contravenes Seventh Circuit authority that it is insufficient to assert that no members are citizens of the opposing party's state to establish diversity jurisdiction, *see Peters v. Astrazeneca LP*, 224 Fed. Appx. 503,

505 (7th Cir. 2007) (noting the insufficiency of a limited partnership asserting that none of its partners were citizens destroying diversity "rather than furnishing the citizenship of all of its partners so that [the court] could determine its citizenship").

Second, and even more troublesome, Lloyd's assertion that none of its "names" are Indiana citizens is irrelevant because, as the Court expressly pointed out in its previous order, Plaintiff Lane Tone International Material, Inc. is a citizen of <u>California</u>. [Dkts. 1 at 2; 1-1 at 2.]

The Court reminds Lloyd's that as the party who removed this case to this Court, it has the burden to prove that federal jurisdiction exists, and the Court will remand a matter to the state court if it fails to do so. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (holding that "any doubt regarding jurisdiction should be resolved in favor of the states" and "the burden of establishing federal jurisdiction falls on the party seeking removal"). Again, the Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). If this Court does not, in fact, have jurisdiction over the matter, any judgment would be invalid. *See Indiana Gas*, 141 F.3d at 319 (dismissing case for lack of jurisdiction after three years of litigation because diversity did not exist between plaintiff and defendant underwriting syndicate, despite the fact that the parties did not raise the issue to the district court or on appeal).

For these reasons, the Court **ORDERS** Lloyd's to **SHOW CAUSE** by **June 6, 2012**, why this action should not be remanded to state court, given Lloyd's refusal to show that diversity of citizenship exists. Failure to do so will result in this Court remanding this action to state court.

06/04/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Phillip T. Scaletta
HOOVER HULL LLP
pscaletta@hooverhull.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com