UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LANE TONE INT'L MATERIAL, INC., | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:10-cv-922-JMS-TAB |
| | ) | |
| CERTAIN UNDERWRITERS OF LLOYD'S, | ) | |
| LONDON, | ) | |
| *Defendant.* | ) | |

## ORDER OF REMAND TO STATE COURT

Defendant Certain Underwriters of Lloyd's London ("Lloyd's") removed this case from state to federal court in July 2010 on the basis of diversity jurisdiction. [Dkt. 1.] Lloyd's pled its citizenship as if it were a corporation, [dkt. 1 at 3]; however, in May 2012, the Court directed Lloyd's to binding precedent holding that underwriting syndicates such as Lloyd's "'are not corporations'" and have "'the personal-liability characteristic of a general partnership and the management structure of a limited partnership.'" [Dkt. 47 (quoting *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998)).] Accordingly, the Court ordered Lloyd's to file a jurisdictional statement "specifically setting forth the citizenship of its 'names', consistent with the process described in *Indiana Gas*, or to explain why the level of identification required by the Seventh Circuit in that case does not apply here." [Dkt. 47 at 2.]

In response to the Court's order, Lloyd's filed a materially deficient statement, refusing to name the particular members at issue or their citizenships because it is "bound to maintain the confidentiality of the particular members."[1]  [Dkt. 51 at 1.]

Because Lloyd's, as the removing party, has the burden to prove that federal jurisdiction exists, the Court issued another order directing Lloyd's to show cause why this action should not be remanded to state court given Lloyd's refusal to show that diversity of citizenship exists. [Dkt. 52 at 2.]  In response to the Court's show cause order, Lloyd's "respectfully advises the Court that, in light of its strict confidentiality requirements, [it] is unable to disclose the specific identities of the members."  [Dkt. 53 at 1.]   Neither of Lloyd's filings has attempted to distinguish *Indiana Gas* or argue why its holding does not apply to this case.

The Court finds that although Lloyd's is certainly allowed to maintain the confidentiality of its members, the consequence of doing so is that Lloyd's has not met its burden as the removing party to prove that federal jurisdiction exists over this action.  Consequently, the Court must remand this action to Hamilton Superior Court.  *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (holding that "any doubt regarding jurisdiction should be resolved in favor of the states" and "the burden of establishing federal jurisdiction falls on the party seeking removal").

While the Court acknowledges that the parties have put forth considerable effort over the past two years and that cross-motions for summary judgment are fully briefed, [dkts. 28; 34], any judgment from this Court is invalid if the Court does not have jurisdiction.  *See Indiana Gas*, 141

---

[1] Although Lloyd's represented that none of the members at issue are citizens of Indiana, [dkt. 51], this allegation is insufficient because it directly contravenes Seventh Circuit authority that diversity jurisdiction cannot be established by asserting that no members are citizens of the opposing party's state to establish diversity jurisdiction, *see Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007).  Moreover, Plaintiff Lane Tone International Material, Inc., is a citizen of California, not Indiana. [Dkts. 1 at 2; 1-1 at 2.]

F.3d at 319 (dismissing case for lack of jurisdiction after three years of litigation because diversity did not exist between plaintiff and defendant underwriting syndicate, despite the fact that the parties did not raise the issue to the district court or on appeal).  Moreover, the work that the parties have put forth to brief summary judgment is not wasted because they can present those issues to the state court on summary judgment if they chose to do so.

For these reasons, the Court **REMANDS** this action to Hamilton Superior Court pursuant to 28 U.S.C. § 1447(c).  The Court directs the Clerk to terminate all pending motions, vacate all pending deadlines, and close this case in CM/ECF.  Additionally, the Clerk shall mail a certified copy of this order of remand to the clerk of Hamilton Superior Court pursuant to 28 U.S.C. § 1447(c).  Judgment will not issue because the Court has not adjudicated the merits of this action.

06/08/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Daniel K. Burke
HOOVER HULL LLP
dburke@hooverhull.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Phillip T. Scaletta
HOOVER HULL LLP
pscaletta@hooverhull.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com